IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>vs<br><br>YONATHAN RODRIGUEZ<br>(T.N. Carlos Ramírez-Oganda)<br><br>Defendant | CRIMINAL 06-0157CCC |

# O R D E R

Before the Court is the Sentencing Memorandum filed by defendant Yonathan Rodríguez on October 17, 2006 (**docket entry 23**), where he seeks a departure and/or a variance from the determined advisory guideline sentencing range. Defendant's requests remained unopposed by the government.

While defendant acknowledges that "he is not disputing the correctness of the sentencing guidelines calculations made by the probation officer as well as the assessment of his Criminal History Category," Memorandum at p. 4, he avers that application of the sixteen (16) level upward adjustment under U.S.S.G. §2L1.2(b)(1)(A)(ii) for his prior conviction for a felony crime of violence is unreasonable given his portrayal of the facts that led to said conviction, that a sentence outside of the guideline range is necessary because a sentence under it would result in an unwarranted sentencing disparity given Puerto Rico's lack of a fast track program, and that he must be afforded a horizontal departure under U.S.S.G. §4A1.3(b) because his Criminal History Category of IV over-represents his criminal record.

We are not persuaded by defendant's contention that the (16) level upward adjustment under U.S.S.G. §2L1.2(b)(1)(A)(ii) should be disregarded in this case. Defendant's prior felony conviction that triggered the adjustment was for the assault of a federal officer in violation of 18 U.S.C. §§111 & 1114. While defendant contends that the particular facts of that offense, which he describes in the motion by narrating conflicting versions of the arresting

CRIMINAL 06-0157CCC								2

officers and of himself, do not merit the harsh enhancement, in order to so conclude we would be required to engage in a mini-trial of the facts surrounding said offense, more than six years after it took place.  The guidelines do not require us to go that far; they only speak of applying the enhancement if defendant's prior conviction was a felony that is a crime of violence, a condition which defendant admittedly met.  The adjustment was correctly applied, and the offense was serious enough to merit it.

As to the unwarranted sentencing disparity that defendant claims would result if he is sentenced under the advisory guideline range given Puerto Rico's lack of a fast track program for immigration cases, suffice to say that, as he himself has informed the Court, "several ... circuits have already held that sentencing disparities based on the lack of a fast track or early disposition programs are not 'unwarranted.'"  Memorandum at p. 21, n. 6.  It seems to us that this is a battle that must be fought with the Attorney General, and not in the courts.  We will not disregard the advisory guideline sentencing range based on this reason alone.

Finally, defendant moves for a horizontal departure under U.S.S.G. §4A1.3(b) claiming that his Criminal History Category is over-represented.  Having reviewed the nature and circumstances of defendant's prior offenses as described in the Pre-Sentence Report, we agree with defendant's contention.  Defendant has three prior convictions, the assault on the federal officer and two other prior illegal reentries.  For the assault he was sentenced to slightly more than a month of imprisonment, and for the illegal reentries 5 months in one instance and 16 months in the other.  Two of the prior offenses, the illegal reentries, were non-violent in nature. While defendant's Criminal History Category was determined to be IV, we consider that it substantially over-represents the seriousness of defendant's criminal history and that a Criminal History Category of III more adequately and accurately reflects his criminal history.  Thus, we will depart horizontally to a Criminal History Category of III, which coupled with defendant's

CRIMINAL 06-0157CCC                              3

total offense level of 21 establishes an advisory guideline sentencing range of 46 to 57 months. In sentencing defendant, the Court will consider said advisory guideline range, as well as the other sentencing factors set forth in 18 U.S.C. §3553(a).

    SO ORDERED.

    At San Juan, Puerto Rico, on October 19, 2006.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge